### HAWKINS v. STATE LOAN & TRUST CO.

#### (Circuit Court, S. D. California. February 1, 1897.)

LIMITATION OF ACTIONS—CONVERSION OF CHATTELS.

An action by the receiver of an insolvent national bank, in which it is al-leged that the defendant, to which negotiable paper was sent by the bank for collection, appropriated the proceeds thereof, and refused to pay the same over on demand, is an action for the conversion of chattels, and is governed by the limitation fixed by subdivision 3 of section 338 of the California Code of Civil Procedure relating to actions for "taking, detaining, or injuring any goods or chattels."

E. T. Dunning and John W. Kern, for plaintiff.
Gardiner, Harris & Rodman, for defendant.

WELLBORN, District Judge. Plaintiff alleges that he is the duly appointed and qualified receiver of the Indianapolis National Bank of Indianapolis, Ind., having been appointed on the 3d day of August, 1893, and having qualified on the 8th day of the same month, and that the defendant is a corporation duly organized un-der the laws and a citizen of the state of California; that on the 1st day of June, 1893, said National Bank forwarded to defendant for collection on account of said National Bank, a draft, on a per-son therein named, for $996.39, payable 90 days after date; that defendant, at the maturity of said draft, collected the money due on said draft, "and, notwithstanding the fact that it had full knowl-edge of the insolvency and failure of said Indianapolis National Bank, and of the appointment of this plaintiff as receiver thereof, it appropriated the said sum to its own use, and refused, and still refuses, to pay the same over to plaintiff, though often requested by him so to do." Defendant has demurred to the complaint on the ground that the same is barred by the statute of limitations of the state of California, and contends that the limitation applicable is that contained in subdivision 1 of section 339 of the Code of Civil Procedure of California, while plaintiff contends, that subdivision 3 of section 338 of the Code of Civil Procedure of California applies. The period prescribed in the former section is two years, and would bar the action. The period prescribed in the latter section is three

years, and would not bar the action.  Subdivision 3 of this latter section is as follows:

"Sec. 338. Within three years: * * * (3) An action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property."

Construing this last-named subdivision in an action for the value of certain personal property converted by defendant, in which action said subdivision was, as here, set up in bar, the supreme court of California says:

"The words of the statute are not used to indicate any particular form of action, but I think it applies to all those cases in which the person injured has a remedy in an action of claim and delivery, or for conversion.  Certainly one whose property has been wrongfully taken or detained may sue for conversion if at the time he was entitled to the possession of it.  I think the case falls within the provisions of section 338, and the cause of action was not barred."  Horton v. Jack, 37 Pac. 652, 653.

The word "chattel," the plural of which is used in said subdivision 3 of section 338, is thus defined:

"Every species of property, movable or immovable, which is less than a freehold. * * * Personal chattels are properly things movable, which may be carried about by the owner; such as animals, household stuff, money, jewels, corn, garments, and everything else that can be put in motion, and transferred from one place to another.  2 Kent, Comm. 340;  Co. Litt. 48a;  4 Coke, 6;  Ex parte Gay, 5 Mass. 419;  Brewster v. Hill, 1 N. H. 350."  1 Bouv. Law Dict. p. 305.

Defendant's refusal to pay over, on demand, the money mentioned in the complaint, was conversion, for which an appropriate action will lie.  Richmond v. Soportos (City Ct. N. Y.) 18 N. Y. Supp. 433; Harris v. Cable (Mich.) 62 N. W. 582.  I hold, that subdivision 3 of section 338 controls in this case.  Demurrer overruled, and defendant allowed 10 days to answer.