[Civ. No. 31500. Second Dist., Div. Five. July 17, 1968.]

FABRICON PRODUCTS, Plaintiff and Appellant, v. UNITED CALIFORNIA BANK, Defendant and Respondent.

114

Virgil R. Wells for Plaintiff and Appellant.

Swanwick, Donnelly & Proudfit and Claire D. Johnson for Defendant and Respondent.

AISO, J. pro tem.*— This appeal poses the following questions: (1) Does a payee of a check whose indorsement has been forged have a cause of action for conversion, as well as for money had and received,[1] under former section 3104 of the Civil Code[2] against a collecting bank which has collected the amount of the check from the drawee bank, credited the proceeds to the account of the forger, and who refuses to pay the payee upon the latter's demand? (2) If an action for conversion is maintainable, which is the applicable period of limitations: (a) Two years (Code Civ. Proc., § 339, subd. 1); (b) three years (Code Civ. Proc., § 338, subd. 3); (c) four years (Code Civ. Proc., § 337, subd. 1), or (d) no limitation of time (Code Civ. Proc., § 348)?

We answer the first question, "Yes." We hold the proper period of limitations to be three years. (Code Civ. Proc., § 338, subd. 3.)

---

[1] For money had and received, see e.g. *George* v. *Security Trust & Sav. Bank* (1928) 91 Cal.App. 708 [267 P. 560].

[2] Same as Negotiable Instruments Law section 23; this Civil Code section was effective until replaced by the Uniform Commercial Code which came into force January 1, 1965. (*Harry H. White Lbr. Co.* v. *Crocker-Citizens Nat. Bank* (1967) 253 Cal.App.2d 368, 371 [61 Cal. Rptr. 381].)

*Assigned by the Chairman of the Judicial Council.

Plaintiff Fabricon Products, a division of the Eagle Picher Company, a corporation, filed its complaint against the defendant United California Bank, a corporation, formerly known as the California Bank, on July 16, 1965. Defendant's demurrer to the complaint was sustained.

In the third through the twenty-second causes of action of plaintiff's second amended complaint,[3] with which we are concerned, similar causes of action were pleaded. Each averred that plaintiff was the payee and owner of a certain check specifically described on which plaintiff's former employee Clifford Albert Maurice had forged the indorsement, "FABRICON PRODUCTS COMMISSION AGENT CLIFFORD ALBERT MAURICE," and then deposited it in defendant bank;[4] that defendant collected on the check from the drawee bank, credited the sum so collected to Maurice's account, and refused to pay plaintiff notwithstanding its demand for payment of the amount of the check. There are allegations that the 20 checks were deposited on the respective dates alleged, commencing with September 25, 1962 (date of the first check described in the third alleged cause of action) and ending with December 3, 1962 (date of the last check in chronology).

On March 7, 1966, defendant's demurrer to plaintiff's "Third through Twenty Second Causes of Action" of its second amended complaint was sustained upon the ground that each of those alleged causes of action was barred by the provisions of subdivision 1, section 339 of the Code of Civil Procedure. Plaintiff was granted 15 days leave within which to further amend its pleadings. Plaintiff failed to amend. On July 28, 1966, the written order of dismissal (Code Civ. Proc., § 581, subd. 3) was signed and filed, which order constitutes the judgment (Code Civ. Proc., § 581d) from which plaintiff prosecutes this appeal.

Defendant concedes for purposes of demurrer that a collecting bank should be held liable to the payee whose indorsement

---

[3]The first count (cause of action) of the second amended complaint lumped together the aggregate sum of the 20 checks totalling $37,000. Demurrer on grounds that multiple causes of action were not separately stated was sustained to this first count. The second count was couched in terms of money had and received in the sum of $37,000. Defendant took the position that the second count would fall if the demurrers to the first count and to the third through the twenty-second counts were sustained. (*Hays* v. *Temple* (1937) 23 Cal.App.2d 690, 695 [73 P.2d 1248]; 2 Witkin, Cal. Procedure (1954) p. 1248.)

[4]We are informed by paragraph 9 of the alleged first cause of action that plaintiff was not a depositor of defendant bank "at any of the times mentioned herein."

has been forged under circumstances here pleaded. However, defendant contends, as it apparently did below, that in California the payee's remedy is confined exclusively to recovery upon the theory of money had and received, to which the two-year statute of limitations (Code Civ. Proc., § 339, subd. 1.) is applicable. And since the date on which the last check in time was deposited is December 3, 1962, this action filed on July 16, 1965 was not timely filed and consequently barred. We do not agree.

That a payee has an action for conversion, as well as for money had and received, against a collecting bank which has paid out on a check bearing the payee's forged indorsement has heretofore been recognized in California by opinion (*Palo Alto etc. Assn.* v. *First Nat. Bank* (1917) 33 Cal.App. 214, 220, 228 [164 P. 1124]; by dicta, *Indiana Plumbing Supply Co.* v. *Bank of America* (1967) 255 Cal.App.2d 910, 915 [63 Cal.Rptr. 658]; *Harry H. White Lbr. Co.* v. *Crocker-Citizens Nat. Bank* (1967) *supra,* 253 Cal.App.2d 368, 374) and by a recognized treatise on California law, 1 Witkin, Summary of California Law (1960), p. 641.

The conversion theory is supportable on principle. It has been held that a check may be the subject of a conversion (*Acme Paper Co.* v. *Goffstein* (1954) 125 Cal.App.2d 175, 179, 181 [270 P.2d 505]) or of a larceny (*People* v. *Quiel* (1945) 68 Cal.App.2d 674, 678 [157 P.2d 446]). Section 23 of the Uniform Negotiable Instruments Law (former Civ. Code, § 3104) itself provides: "When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

Defendant bank acquired no right to retain the checks or to enforce their payment against the drawee banks by virtue of plaintiff's forged indorsements. It likewise acquired no right to retain the instruments. Defendant's retention of the checks and using them to obtain payment from the respective drawee banks was an exercise of dominion over the checks inconsistent with and in interference of plaintiff's right to control and use of its own property. Such action as that described on the part of defendant bank constitutes conversion of the checks. (Rest. 2d Torts, § 241 A.)

· Pertinent here is that part of 6 Zollman, Banks and Banking, section 4252, p. 465, quoted with approval by the Supreme Court of Missouri in *Chemical Workers Basic Union* v. *Arnold Sav. Bank* (Mo. 1966) 411 S.W.2d 159, 162: "The bank acquires no title to either the check or its proceeds, but holds such check or its proceeds for the payee, who may elect to ratify the collection and hold the discounting [collecting] bank in an action for money had and received, or in an action for conversion."

This view represents the great weight of authority under the Uniform Negotiable Instruments Law, including the commercial states of New York, New Jersey, Pennsylvania and Illinois. The authorities are collated and the rationale underlying the two alternative theories of recovery is explicated in a scholarly opinion in *Mackey-Woodard, Inc.* v. *Citizens State Bank* (1966) 197 Kan. 536 [419 P.2d 847]. (See also Annot. 100 A.L.R.2d 670; 2 Paton's Digest of Legal Opinions (1942), pp. 1840-1841.)

The payee's action predicated upon a theory of conversion of the check by the collecting bank is governed by the three-year statute of limitations (Code Civ. Proc., § 338, subd. 3). Conversion of personal property is governed by this statute. (1 Witkin, Cal. Procedure (1954), pp. 646-647.) The statute reads: "Within three years: . . . 3. An action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property." A check takes on the character of quasi-tangible property if it is the subject of conversion (*Acme Paper Co.* v. *Goffstein* (1954) *supra*, 125 Cal.App.2d 175, 179, 181) or of larceny (*People* v. *Quiel* (1945) *supra*, 68 Cal.App.2d 674, 678). Hence, the foregoing statutory provision rather than subdivision 1, section 339 of the Code of Civil Procedure applicable to intangible property rights (e.g. plagiarism of a motion picture scenario [*Italiani* v. *Metro-Goldwyn-Mayer Corp.* (1941) 45 Cal.App. 2d 464 [114 P.2d 370]]) is the one here applicable. (Cf. *Hawkins* v. *State Loan & Trust Co.* (S.D.Cal. 1897) 79 F. 50, holding wrongful refusal to pay over proceeds of a draft to be conversion and governed by Code Civ. Proc., § 338, subd. 3.)

Since tort liability in conversion is an obligation created by law and not by consensual agreement of the parties, the four-year statute governing written contracts (Code Civ. Proc., § 337, subd. 1) does not apply. There is no privity of contract between the payee whose signature has been forged and the collecting bank. Finally, the recent case of *Bank of America*

*etc. Assn.* v. *Cranston* (1967) 252 Cal.App.2d 208 [60 Cal. Rptr. 336] makes explicit that the Legislature had no intent to make section 348 of the Code of Civil Procedure applicable to such cases as the one at hand.

Under the rule enunciated in *Ponti* v. *Farrell* (1961) 194 Cal.App.2d 676, 682-683 [15 Cal.Rptr. 500], that notwithstanding the pleading being in terms of money had and received, the applicable statute of limitations is the one governing the underlying tort, it may well be that the three-year rather than two-year statute is applicable to the money had and received count as well. We need not decide this issue here. For even assuming *arguendo* that plaintiff was precluded from recovering upon the money had and received theory because of the two year statute of limitations, nevertheless its alternative remedy for conversion was not barred when it filed its complaint on July 16, 1965. The second amended complaint clearly gives notice of an intent to plead conversion as well as money had and received. ▮▮▮▮ Counts third through the twenty-second of the second amended complaint set forth sufficient facts in conversion to withstand demurrers upon the ground that these causes of action are barred by the two-year statute of limitations (Code Civ. Proc., § 339, subd. 1).

The judgment (order) of dismissal is reversed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied August 5, 1968, and respondent's petition for a hearing by the Supreme Court was denied September 11, 1968.