[Civ. No. 36096. Second Dist., Div. Two. Oct. 27, 1970.]

LA VISTA CEMETERY ASSOCIATION et al.,
Plaintiffs and Appellants, v.
AMERICAN SAVINGS AND LOAN ASSOCIATION,
Defendant and Respondent.

## COUNSEL

George C. Gillette for Plaintiffs and Appellants.

Daniel S. McDonald, Daniel L. Shafton and Mark Brandler for Defendant and Respondent.

## OPINION

**FLEMING, J.**—Plaintiffs La Vista Cemetery Association and The Trustees of La Vista Cemetery Association Endowment Care Fund (hereafter collectively La Vista) appeal the judgment of dismissal of their action against American Savings and Loan Association (hereafter American) for the recovery of money on deposit and for damages for fraud. American's demurrer to the first amended complaint for failure to state a cause of action and for uncertainty was sustained by the trial court without leave to amend.

The complaint reveals the following facts: In August 1964 two La Vista employees were entrusted with three checks totalling $30,000 payable to La Vista. The employees endorsed the checks in La Vista's name for deposit in an American savings account, which latter account was in the name of an entity controlled by the employees. Shortly thereafter the employees withdrew these funds from the account and apparently have since absconded.

■ Two possibilities flow from these facts. First, the acts of the employees in endorsing the checks and depositing them in American could have been authorized. If so, La Vista has no cause of action against American, for the exhibits incorporated in La Vista's complaint show that authorized withdrawals have emptied the American account and left American with liability to no one under that account. Second, the acts of the employees in endorsing and depositing the checks could have been unauthorized. Under this possibility La Vista would be in the position of a payee whose endorsement has been forged. By the law applicable in 1964 (former § 3104 of the Civ. Code) the remedies of a payee against a holder or collecting bank which collects from the drawee and gives the money to a false payee, are for money had and received (*George* v. *Security Trust & Sav. Bank*, 91 Cal. App. 708 [267 P. 560]), or for conversion (*Fabricon Products* v. *United Cal. Bank*, 264 Cal.App.2d 113 [70 Cal.Rptr. 50]; 1 Witkin, Summary of Cal. Law (1960 ed.), p. 641), and the periods of limitation for such remedies are two years and three years, respectively (*Fabricon Products* v. *United Cal. Bank, supra*). But since La Vista did not file suit until February 1969, its causes of action as a payee whose endorsement had been forged were barred by the statute of limitations.

Undaunted by the realities of its case, La Vista has searched the statutes and found two causes of action not yet barred by the statute of limitations. It has used these two as the basis for its complaint.

Its first cause of action is for the recovery of money on deposit (no period of limitation, Code Civ. Proc., § 348). It is alleged that La Vista deposited $30,000 with American in 1964 and American now refuses to repay that sum with interest. But, as previously indicated, La Vista's own exhibits incorporated in the complaint provide a complete defense to this cause of action since they show that authorized withdrawals have depleted the American account. Furthermore, La Vista has not alleged that it was authorized to make withdrawals from the account in which the deposits were made. Thus the cause of action for money deposited fails under its own averments.

La Vista's second cause of action is for fraud (period of limitation: three years, but accruing only upon discovery, Code Civ. Proc., § 338, subd. 4). La Vista pleads both constructive fraud and actual fraud. ■ The charge of constructive fraud is based upon the breach of a supposed fiduciary

relationship which assertedly arose between American and La Vista when checks payable to La Vista were endorsed for deposit to an account not belonging to La Vista. La Vista alleges that American should have known that these checks represented trust funds which could only be deposited to La Vista's account. La Vista cites no authority for the establishment of such a fiduciary relationship. ■ Commercial banks have no duty to police their fiduciary accounts (*Blackmon* v. *Hale,* 1 Cal.3d 548, 556 [83 Cal.Rptr. 194, 463 P.2d 418]; Fin. Code, §§ 952, 953), and we see no reason why savings and loan associations should be saddled with such a burden. (See Fin. Code, §§ 7605, 7612, 7614.) ■ In our view American had no duty to police the fiduciary funds of La Vista, since La Vista did not even own an American account but was merely the payee of checks passing through an unrelated American account. Thus no facts to establish constructive fraud were pleaded in the complaint. Finally, La Vista attempts to charge actual fraud. ■ But it is essential that the facts and circumstances which constitute actual fraud should be set forth with particularity in order to enable the court to determine whether, on the facts pleaded, there is any foundation for the charge. (*Scafidi* v. *Western Loan & Bldg. Co.,* 72 Cal.App.2d 550 [165 P.2d 260].) La Vista's general allegations of "connivance," "complicity," and "intent to aid and abet" do not meet this burden of particularity.

■ Where from the nature of the defects in a complaint it is probable that plaintiff cannot state a cause of action, a general demurrer may be sustained without leave to amend. (*Galanis* v. *Mercury Internat. Ins. Underwriters,* 247 Cal.App.2d 690 [55 Cal.Rptr. 890].) ■ Under the facts averred in La Vista's complaint, the only viable causes of action it may have had against American have long since been barred by the statute of limitations, and further opportunity to amend would have been useless.

The judgment of dismissal is affirmed.

Roth, P. J., and Compton, J., concurred.