**Hal Frederick BURFORD and Dorothy Ann Burford, Appellants,**

v.

**STATE of Alaska, Appellee.**

**No. 1723.**

Supreme Court of Alaska.

Nov. 2, 1973.

Herbert D. Soll, Public Defender, Lawrence J. Kulik, Asst. Public Defender, Anchorage, for appellants.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

PER CURIAM.

The appellants, Mr. and Mrs. Hal Burford, appeal from their convictions following a joint jury trial in the superior court for the offense of larceny committed in a building. Appellants contend that it was error for the state to use two uncounselled misdemeanor convictions to impeach the credibility of the defendant Hal Burford.[1]

█ Appellants failed to raise this point at the trial court level or include it in their statements of points to be raised on appeal. Generally this will foreclose appeal of the alleged error.[2] Nevertheless, the alleged error may be considered if it reaches the level of plain error as set out in Alaska R. Crim.P. 47(b) which provides:

(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

█ We have considered the question of when an alleged irregularity rises to the level of plain error on numerous occasions.[3] In order for this court to notice plain error, the alleged error must affect substantive rights[4] and be "obviously prejudicial".[5]

█ Initially, we find that the general impeachment of Hal Burford with invalid misdemeanor convictions[6] would be an error of constitution dimension because a criminal defendant who is so impeached is deprived of due process of law.[7] Denial of a constitutional right, in the normal case, would affect substantial rights and give rise to plain error. But where an error, even of constitutional dimension, may be said to be harmless beyond a reasonable doubt,[8] the rights of the accused are not prejudiced and the requirements of plain error have not been met. Therefore, this court must consider whether impeachment of Hal Burford by the invalid misdemeanor convictions was harmless.[9]

1. Lack of counsel in a 1961 conviction for petty larceny was raised in the briefs. It was agreed at oral argument that a 1962 bad check conviction was also obtained without benefit of counsel for Burford. He was without funds to hire an attorney on each occasion.

2. Alaska Supreme Ct.R. 9(e), now Alaska App.R. 9(e); Moran v. Holman, 501 P.2d 769, 770 (Alaska 1972).

3. Johnson v. State, 501 P.2d 762, 768 (Alaska 1972); Bargas v. State, 489 P.2d 130, 133 (Alaska 1971); Bakken v. State, 489 P.2d 120, 125 (Alaska 1971); Harris v. State, 457 P.2d 638, 640 (Alaska 1969); Shafer v. State, 456 P.2d 466, 468 (Alaska 1969); Kugzruk v. State, 436 P.2d 962, 963 (Alaska 1968); Goresen v. State, 432 P.2d 326, 327 (Alaska 1967); Lapham v. City of Haines, 374 P.2d 239, 240 (Alaska 1962); Bowker v. State, 373 P.2d 500, 505 (Alaska 1962).

4. E. g., Goresen v. State, 432 P.2d 326, 327 (Alaska 1967).

5. E. g., Kugzruk v. State, 436 P.2d 962, 964 (Alaska 1968).

6. By an invalid misdemeanor conviction we mean one where an indigent accused has been denied his right to counsel. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 2d 530 (1972); Alexander v. City of Anchorage, 490 P.2d 910, 915 (Alaska 1971); see Spaulding v. State, 481 P.2d 389, 392 (Alaska 1972) (unrepresented felony convictions inadmissible for impeachment). In People v. Morrissey, 52 Ill.2d 418, 288 N.E. 2d 397, 398 (1972), the Supreme Court of Illinois held that Argersinger could be applied retroactively.

7. Loper v. Beto, 405 U.S. 473, 484, 92 S.Ct. 1014, 1019, 31 L.Ed.2d 374, 381 (1972).

8. Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 710 (1967); Bargas v. State, 489 P.2d 130, 133 (Alaska 1971).

9. Even though the alleged error in this appeal falls within the class identified in Chapman

■ In this case the evidence against the appellants was very strong. An eyewitness observed their conduct from the moment they entered the store until they were apprehended in the parking lot. Her testimony directly refuted portions of the Burfords' defense, an account of an argument and misunderstanding which led to appellants leaving the store without paying for the two coats they were wearing.[10] In addition, Hal Burford's credibility was impeached by two additional felony convictions for armed robbery and burglary which arose after the misdemeanor convictions and which were not objected to at trial. Reference was made to these convictions in the direct examination of Hal Buford where he freely admitted his criminal background up until 1965 but argued that, since his marriage in 1965 and his release from prison, he was a different person. In this evidentiary context, admission of the invalid misdemeanor convictions did not contribute to appellants' conviction.[11] The error, if any, was harmless beyond a reasonable doubt.[12] There is no plain error.

The judgment of the superior court is affirmed.

as abridging "rights so basic to a fair trial that their infraction can never be treated as harmless error," 386 U.S. at 23, 87 S.Ct. at 827, 17 L.Ed.2d at 710, where, as here, the evidence wrongfully admitted is merely cumulative and the prosecution's case apart from the alleged error is very strong, harmless error may still be found. Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284, 287 (1969).

10. Hal Burford had testified that, after he and his wife had each donned a jacket, a quarrel erupted over which would be purchased as he had enough cash for only one. Insisting that he buy hers, the wife departed, wearing the unpurchased garment. He followed, similarly attired, spoke with her, agreed, and was about to return to the store to make payment when they were met by store employees.

One employee testified that she observed both defendants hiding the price tags up the

sleeves of the stolen garments. At no time during the commission of the offense did she observe them conversing or arguing with each other, even though she was within only a few feet of them during the time the argument was supposed to have taken place.

11. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

12. See Tucker v. United States, 431 F.2d 1292, 1293 (9th Cir. 1970), aff'd, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Gilday v. Scafati, 428 F.2d 1027, 1032 (1st Cir. 1970). In Spaulding v. State, 481 P.2d 389, 392 (Alaska 1971), we found impeachment of the defendant by an invalid conviction not to be harmless error. But there all three convictions used to impeach the accused were inadmissible; thus, the introduction of one would have had a noticeable and adverse effect on the defendant's credibility.