**Alva D. SAXTON, Appellant,**

v.

**Roman E. SPLETTSTOEZER, Appellee.**

**No. 2732.**

Supreme Court of Alaska.

Dec. 30, 1976.

As Modified on Rehearing Feb. 7, 1977.

James K. Tallman, Anchorage, for appellant.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

OPINION

PER CURIAM.

In this appeal, we are asked to reverse the finding of the trial court that an attorney had authority to enter into a settlement agreement on behalf of his client. We find no error.

Alva D. Saxton was injured when his vehicle was struck from the rear by a truck driven by Roman E. Splettstoezer. A complaint was filed. After Mr. Saxton's deposition was taken and other discovery conducted, settlement negotiations ensued between John Shaw, representing Mr. Saxton, and Gary Gantz, attorney for Mr. Splettstoezer. Mr. Gantz offered to settle for $7,000.00. Mr. Shaw consulted with his client and testified that after an extended conference, he was authorized to enter into the settlement. Mr. Shaw then

advised Mr. Gantz that the offer of settlement was accepted.

Mr. Gantz sent a letter with enclosed release forms to Mr. Shaw, confirming the settlement. Contending that he had never authorized the settlement, Mr. Saxton refused to sign the forms. He then retained separate counsel, and Mr. Shaw withdrew as his attorney.

Mr. Splettstoezer brought suit seeking specific performance of the settlement agreement and dismissal of the original personal injury claim. A nonjury trial was held, specifically limited by all the parties to the issue of whether or not Mr. Shaw had authority to settle on behalf of Mr. Saxton. At the conclusion of the trial, the court entered judgment for Mr. Splettstoezer and ordered specific performance of the settlement agreement. The court found that:

> Roman E. Splettstoezer proved by a preponderance of the evidence that Mr. Shaw had authority to accept the settlement and that there was a binding settlement between the parties.

Mr. Saxton has appealed.

■ The case was tried on the sole issue of Mr. Shaw's authority to enter into the settlement. The statement of points on appeal specifically refers only to an alleged error in finding that Mr. Shaw had such authority. Nevertheless, in his brief and argument before this court, Mr. Saxton presents two additional arguments:

1. That the settlement did not comply with the provisions of AS 22.20.050(a) which provides that an attorney has authority to bind his client "by his agreement filed with the clerk or entered upon the journal of the court and not otherwise; . . . ." and

2. That the settlement was conditioned on the return of certain records to Mr. Saxton and the securing of a signed release by Mrs. Saxton to cover any possible claim for loss of consortium.

Since the first additional contention was not presented to the trial court and both were not specified in the statement of points on appeal, we decline to consider them here.[1]

■ Our inquiry here, therefore, pertains only to Mr. Shaw's authority to enter into the settlement. Authority to settle is not implied when a client employs an attorney. The authority to terminate litigation must be explicit or ratified by subsequent conduct of the client.[2]

■ The trial court found that Mr. Saxton had authorized the settlement. Our standard of review is prescribed by Civil Rule 52(a) which provides in part:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.[3]

---

1. *Kupka v. Morey*, 541 P.2d 740, 747 (Alaska 1975); *Univ. of Alaska v. Simpson Bldg. Supply Co.*, 530 P.2d 1317, 1324 (Alaska 1975); *Sumner Dev. Corp. v. Shivers*, 517 P.2d 757, 763 (Alaska 1974); *Moran v. Holman*, 501 P.2d 769, 770 n. 1 (Alaska 1972); *Padgett v. Theus*, 484 P.2d 697, 700 (Alaska 1971). The condition requiring Mrs. Saxton's release was waived during argument before this court, and we assume that the parties will comply with the condition pertaining to the return of ,the records at the time settlement is completed. In the court below, counsel who were involved in the settlement agreed to the existence and terms of the oral settlement. A court's judgment ordering specific performance normally is entered in the journal. Thus, the agreement, in ef-

fect, was entered on the journal of the court as required by the statute.

2. *Kimball v. First National Bank of Fairbanks*, 455 P.2d 894, 897–98 (Alaska 1969); *City of Fresno v. Baboian*, 125 Cal.Rptr. 332, 335 (Cal.App.1975); *Cross-Aero Corp. v. Cross-Aero Service Corp.*, 326 So.2d 249, 250 (Fla.App.1976). Annot., Authority of Attorney to Dismiss or Otherwise Terminate Action, 56 A.L.R.2d 1290 (1957); Annot., Authority of Attorney to Compromise Action, 30 A.L.R.2d 944 (1953); Annot., Authority of Attorney to Compromise Suit, 66 A.L.R. 107 (1930).

3. *See Alaska Placer v. Lee*, 553 P.2d 54, 59 (Alaska 1976); *Day v. A & G Construction Co., Inc.*, 528 P.2d 440, 447 and n. 16 (Alas-

The trial court's finding that John Shaw had authority to settle is supported in the record and cannot be said to be clearly erroneous.

Accordingly, the judgment of the superior court is

AFFIRMED.

ka 1974); *Larman v. Kodiak Elec. Ass'n,* 514 P.2d 1275, 1278 (Alaska 1973); *Alaska Foods, Inc. v. American Mfr.'s Mut. Ins. Co.,* 482 P.2d 842, 848 (Alaska 1971).