Michael D. WETZLER, Appellant,

v.

Sandra Lynn WETZLER, Appellee.

No. 2892.

Supreme Court of Alaska.

Nov. 4, 1977.

---

Timothy H. Stearns, Alaska Legal Clinic, Anchorage, for appellant.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

Michael Wetzler has appealed from a superior court order of March 1976 awarding custody of his six minor children, then of the ages of 13, 10, 9, 7, 6 and 3, to his former wife, Sandra Wetzler (now Sandra Robison).[1] We affirm the decision below and hold that the trial court did not err in its treatment of the "tender years" doctrine.[2]

Under the "tender years" doctrine, a mother will generally be given preference for custody if the other factors are evenly balanced.[3] In this case, the trial court heard five days of testimony concerning the fitness of each parent and also considered a psychological report prepared by a marriage counselor who had interviewed the children and investigated the two homes. Relying

---

**1.** Pursuant to an agreement between the parties, Mr. Wetzler secured custody of two of the children, while Mrs. Robison obtained custody of the remaining four. This agreement was incorporated into the decree of divorce. Subsequently, both parties filed motions to modify the decree, seeking custody of all six children.

**2.** The contention that the court erred in applying the tender years doctrine was not specifically set forth in the Points of Appeal as required by Appellate Rule 9(e). Although we do not condone failure to comply with the rule, we view the tender years issue as encompassed by the allegations in the Points that (1) the trial court erred in relying on Mrs. Robison's nonworking status and (2) that the decision below was not supported by fact. Accordingly, we will consider the question.

Mr. Wetzler has raised several additional issues, which we do not deem appropriate to address. Although the allegation that the trial court erred in failing to appoint a guardian ad litem was both set forth in the Points and argued in Mr. Wetzler's brief, no request for an appointment was made by either party below. In the absence of such a request in the context of this case, we decline to consider the issue for the first time on appeal. Similarly, we will not treat issues that were argued in the brief but not set forth in the Points and will consider as abandoned questions set forth in the Points but not argued in Mr. Wetzler's brief. *See Saxton v. Splettstoezer*, 557 P.2d 1126, 1127 n. 1 (Alaska 1976); *Kupka v. Morey*, 541 P.2d 740, 747 (Alaska 1975); *Univ. of Alaska v. Simpson Building Supply Co.*, 530 P.2d 1317, 1324 (Alaska 1975); *Sumner Development Corp. v. Shivers*, 517 P.2d 757, 763 (Alaska 1974); *Moran v. Holman*, 501 P.2d 769, 771 n. 1 (Alaska 1972); *Padgett v. Theus*, 484 P.2d 697, 700 (Alaska 1971).

**3.** *See Johnson v. Johnson*, 564 P.2d 71 (Alaska 1977); *King v. King*, 477 P.2d 356, 357 (Alaska 1970); *Sheridan v. Sheridan*, 466 P.2d 821, 824 (Alaska 1970); and *Harding v. Harding*, 377 P.2d 378, 379 (Alaska 1962).

on this evidence, it concluded that, given their ages, the best interests of the children required the care and supervision of a full-time parent. It observed that the children in Mr. Wetzler's custody had not had the benefit of a full-time parent and that, since her remarriage, Mrs. Robison had been available as a full-time mother and housewife.[4] The court further found that the best interests of the children would be served by keeping them together. Accordingly, it awarded custody to Mrs. Robison.

■ Custody awards in Alaska are to be based on the best interests of the child.[5] Analyzing the case law from this and other jurisdictions, we have recently stated that:

> the doctrine of tenders years is not an appropriate criterion for determination of the best interests of the child under AS 09.55.205.

*Johnson v. Johnson*, 564 P.2d 71, 75 (Alaska 1977). Determination of the child's best interests must turn on a balancing of the unique facts of each case rather than on outmoded presumptions. Accordingly, in *Johnson*, we remanded to the trial court for consideration of appropriate factors.[6]

■ The trial court in this case did comment on the fact that awarding custody of the six children to the father would be a "highly unusual result" and additionally engaged in a dialogue with counsel concerning the applicability of the tender years doctrine in this state. The transcript of the proceedings and the findings of fact, however, indicate that the court below gave careful consideration to the particular circumstances and parties before it. Unlike the situation presented in *Johnson*, the record does not suggest reliance on the presumption that "mothers are always better suited to care for young children than fathers."[7] The decision below is therefore

AFFIRMED.

---

4. The court was aware that Mrs. Robison's availability as a full-time parent was contingent on Mr. Wetzler's paying child support. The record discloses that Mr. Wetzler's failure to make the payments ordered by the court has forced Mrs. Robison to return to work. Based on this change of circumstances, as well as his own remarriage, Mr. Wetzler moved for a modification of custody subsequent to the filing of this appeal. That motion is not before us on review. However, we would be hesitant to approve a modification based on changed circumstances where the inability of one party to care for the children is the result of the other party's failure to comply with a court order.

5. AS 09.55.205. The award is committed to the discretion of the trial court and is reversible only for an abuse of that discretion. *See Horutz v. Horutz*, 560 P.2d 397, 399 (Alaska 1977); *Johnson v. Johnson*, 564 P.2d 71, 74 (Alaska 1977); *Layman v. DeHart*, 560 P.2d 1206, 1208 (Alaska 1977); *Lacy v. Lacy*, 553 P.2d 928, 930 (Alaska 1976); *DeHart v. Layman*, 536 P.2d 789 (Alaska 1975); *Horton v. Horton*, 519 P.2d 1131, 1132 (Alaska 1974); *Wilsonoff v. Wilso-*noff, 514 P.2d 1264, 1268 (Alaska 1973); *Sheridan v. Sheridan*, 466 P.2d 821, 825 (Alaska 1970).

6. *See also, Carle v. Carle*, 503 P.2d 1050 (Alaska 1972). *In Johnson, supra*, we quoted *Turner v. Pannick*, 540 P.2d 1051 (Alaska 1975), and enumerated some of the factors which a trial court might appropriately consider in determining the best interests of the child:

> [U]nder the 'best interests' test, the court is free to consider a number of factors including the moral fitness of the two parties; the home environment offered by the parties; the emotional ties to the parties by the child; the emotional ties to the child by the parties; the age, sex or health of the child; the desirability of continuing an existing child-third party relationship; and the preference of the child. 540 P.2d at 1054.

7. *Johnson, supra* 564 P.2d at 75, *quoting State ex rel. Watts v. Watts*, 77 Misc.2d 178, 350 N.Y.S.2d 285, 287 (1973).