**Cecil Ray VEST, Appellant,**

v.

**FIRST NATIONAL BANK OF FAIRBANKS and Daniel Talbott, Appellees.**

**No. 5969.**

Supreme Court of Alaska.

Feb. 25, 1983.

Clem H. Stephenson, Fairbanks, for appellant.

Peter J. Aschenbrenner, Aschenbrenner & O'Meara, Fairbanks, for appellees.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

**PER CURIAM.**

Cecil Vest asserts that Wayne Heston, former vice president of First National Bank of Fairbanks, converted payroll checks endorsed by Vest for deposit to his bank account and passed forged checks written on Vest's account. Vest further alleges that when he approached Heston, in his capacity as a bank officer, to inquire about shortage in the account, Heston fraudulently concealed his own wrongdoing and misrepresented that the bank would repay the shortages due to the forged checks. Vest has submitted affidavits establishing the substance of Heston's statements to him and the other material allegations of his complaint.

■ Vest avers that these events took place in 1976 and 1977. Applying the general two year statute of limitations applicable to causes of action sounding in tort,[1] the superior court granted summary judgment to First National Bank and Daniel Talcott. We reverse upon the ground that the six year limitation set forth in AS 09.10.050(3) applies.[2]

That statute provides that:

No person may bring an action ... (3) for taking, detaining, or injuring personal property, including an action for its specific recovery ... unless commenced within six years.

■ By its terms, AS 09.10.050(3) governs actions in trover for conversion. See *Teren v. Howard,* 322 F.2d 949, 954 (9th Cir.1963) (applying identical Oregon statute); *Deetz v. Cobbs & Mitchell Co.,* 253 P. 542, 543 (Ore.1927). An action by the payee of a check against a bank failing to deposit the check sounds in conversion, *Chemical Workers Basic Union Local No. 1744 v. Arnold Savings Bank,* 411 S.W.2d 159, 162 (Mo.1966), and therefore falls under AS 09.-10.050(3). See *Fabricon Products v. United California Bank,* 264 Cal.App.2d 113, 70 Cal. Rptr. 50, 53 (Cal.App.1968) (interpreting similar statute in like circumstances). We see no reason to suspect that AS 09.10.-050(3) does not mean exactly what it appears to mean. Inasmuch as the applicable period of limitations is six years, the action was timely and summary judgment inappropriate.

**REVERSED and REMANDED.[3]**

1. The parties apparently assumed that AS 09.-10.070 applied. That statute provides:

   No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and *not specifically provided otherwise* ....
   (Emphasis added.)

2. AS noted by our dissenting colleague, the applicability of the six year statute of limitations, AS 09.10.050(3), is an issue not raised by the parties. The issue was raised by this court, sua sponte, in an order for further briefing. That order provided, partly: "[T]he parties shall address the following question: Is appellant's action below governed by the *six year* period of limitation contained in AS 09.10.-050(3), rather than the *two year* period prescribed by AS 09.10.070?" (Emphasis in original.) Supplemental briefs were filed in conformity with our order and, therefore, it is no longer correct to say, as does the dissent, that "the parties have premised all of their arguments on the assumption that the applicable statute of limitations is the two year period set forth in AS 09.10.070."

   Ordinarily, we will not consider an issue unless it has been argued in the trial court and properly raised on appeal, *Wetzler v. Wetzler,* 570 P.2d 741, 742 n. 2 (Alaska 1977), unless it amounts to plain error. *Burford v. State,* 515 P.2d 382, 383 (Alaska 1973). Where, however, an issue that has not been raised involves a question of law that is critical to a proper and just decision, we will not hesitate to consider it, particularly after calling the matter to the attention of the parties and affording them the opportunity to brief the issue. See *State v. First Nat'l Bank,* Slip Op. at 44 (Alaska, December 3, 1982) (trial court may inject a new theory into a case where necessary to accomplish a proper and just disposition); *Stone v. Stone,* 647 P.2d 582, 585–86 (Alaska 1982) (appeal disposed of under Civil Rule 60(b), a subject not raised by the parties); *Dresser Industries v. Alaska Dept. of Labor,* 633 P.2d 998, 1004–06 (Alaska 1981) (this court not bound by stipulation as to the controlling law); *Libby v. Dillingham,* 612 P.2d 33, 41–42 (Alaska 1980) (decision based on construction of a statute contrary to apparent concession by appellant's counsel).

3. One of the issues yet to be decided is whether AS 45.04.406 precludes appellant's action. Resolution of that issue depends upon factual determinations to be made following our remand.

COMPTON, Justice, dissenting.

I respectfully dissent, on both substantive and procedural grounds, from the court's resolution of this appeal. The superior court granted summary judgment for the defendants on the basis that the two-year statute of limitations governing torts (AS 09.10.070) expired before Vest filed his action. This court reverses the judgment, holding that Vest's action is not governed by the statute of limitation for torts, but is instead governed by the six-year statute of limitation for conversions of property (AS 09.10.050(3)).

On the merits, I do not believe that Vest's claim constitutes an action for the conversion of property, as required for the application of the six-year statute of limitation. The basis of Vest's action is not the alleged conversion of his pay checks, but, instead, the bank's alleged fraudulent concealment of this conversion. It is at least arguable that what Vest has alleged in his complaint is a cause of action in tort, rather than a cause of action for conversion. Accordingly, I am inclined to believe that this court is in error in concluding that Vest's action is governed by the six-year statute of limitation.

I do not believe, however, that it is appropriate for the court to decide this issue. Neither party raised the issue of the applicability of AS 09.10.050(3) in the superior court or on appeal. To the contrary, the parties have premised all of their arguments on the assumption that the applicable statute of limitation is the two-year period set forth in AS 09.10.070. Vest acknowledges that he did not file his complaint within two years of the alleged conversion, but contends that the bank is estopped from raising the statute of limitation because it fraudulently concealed his cause of action.

This court has repeatedly held in prior decisions that we will not consider an issue if it was not both argued in the superior court and properly raised on appeal. *Wetzler v. Wetzler,* 570 P.2d 741, 742 n. 2 (Alaska 1977); *Moran v. Holman,* 501 P.2d 769, 770 n. 1 (Alaska 1972); *Lumbermens Mutual Casualty Co. v. Continental Casualty Co.,* 387 P.2d 104, 109 (Alaska 1963). The only exception to this rule that we have recognized is if the noticed defect amounts to "plain error." *Burford v. State,* 515 P.2d 382, 383 (Alaska 1973). We have stated that "[i]n order for this court to notice plain error, the alleged error must affect substantive rights and be 'obviously prejudicial.'" *Id.* (footnotes omitted).

In considering the applicability of AS 09.10.050(3) to this case, the court has not analyzed the issue to determine whether it amounts to plain error. I do not believe that the superior court committed plain error by failing to consider the applicability of a statute of limitation that was not raised by the parties. This is particularly so in view of the fact that the plaintiff made the strategic decision to argue that the applicable statute of limitation is the two-year period specified in AS 09.10.070, but that the defendants should be estopped from pleading this limitation.

The issue raised by Vest on appeal was whether the superior court erred in ruling as a matter of law that the defendants are not estopped from pleading the two-year statute of limitation. It is this issue that we should be considering.[1] I am inclined to believe that Vest is correct in arguing that he established a genuine issue of material fact as to whether the defendants fraudulently concealed the existence of his cause of action. I therefore believe the superior court erred in granting summary judgment for the defendants. It is thus all the more difficult for me to perceive that the superi-

1. The court correctly indicates that it ordered further briefing by the parties on the issue of whether the six-year statute of limitation set forth in AS 09.10.050(3) is applicable. Vest's supplemental brief, however, was particularly unresponsive to the issue we ordered addressed. It is thus inaccurate for the court to state that "[s]upplemental briefs were filed in conformity with our order," 659 P.2d at 1234 n. 2; only the brief filed by the bank conformed to our order. In view of this, and the fact that it was not "plain error" for the superior court to address only the statute of limitation raised by the parties, I believe it is inappropriate to consider the applicability of AS 09.10.050(3) to this case.

or court committed plain error in failing to consider the applicability of the six-year statute of limitation, inasmuch as I do not believe Vest was "obviously prejudiced" by this failure. *Burford v. State,* 515 P.2d at 383.

Finally, I am concerned that the court's opinion may be misconstrued by lower courts and attorneys. Absent an explanation of the rationale for considering an issue not argued at trial or raised on appeal, this court's opinion may mislead the trial courts into believing that they commit reversible error when failing to consider all possible issues, instead of only those raised and argued by the parties. It may further have the unfortunate effect of misleading practitioners into believing that this court will in the future consider issues that were not argued before the superior court or raised on appeal. I trust that I am not in error in suggesting to practitioners that they should not construe the court's opinion in this fashion.