Cecil Ray VEST, Appellant,

v.

FIRST NATIONAL BANK OF
FAIRBANKS and Daniel
Talbott, Appellees.

No. 5969.

Supreme Court of Alaska.

Oct. 7, 1983.

Clem H. Stephenson, Fairbanks, for appellant.

Peter J. Aschenbrenner, Aschenbrenner & O'Meara, Fairbanks, for appellees.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, and COMPTON, JJ.

## OPINION ON REHEARING

BURKE, Chief Justice.

This matter is before us on petition for rehearing from our decision in *Vest v. First National Bank of Fairbanks,* 659 P.2d 1233 (Alaska 1983).

In footnote 3 of our prior opinion, we stated: "One of the issues to be decided is whether AS 45.04.406 precludes appellant's [Vest's] action. Resolution of that issue depends upon factual determinations to be made following our remand." 659 P.2d at 1234 n. 3. The bank seeks clarification of our comment, stating: "[T]his Court should identify what factual issues need be addressed by the court below." Petition for Rehearing, page 3.

The bank argues that our decision reflects a misunderstanding of the posture of the case because Vest conceded the applicability of AS 45.04.406. According to the Bank, "Vest assumed that AS 45.04.406 *did* preclude his action. Vest's response [to the bank's motion for summary judgment] was not to raise legal or factual issues relating to the applicability of AS 45.04.406 but to contend that [the bank] was estopped to plead the bar of AS 45.04.406." Petition at 3 (emphasis in original).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is *entitled to a judgment as a matter of law.*" Alaska Rule of Civil Procedure 56(c). (Emphasis added.)

AS 45.04.406, which parallels U.C.C. section 4–406, provides in part:

(a) If a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items under a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items

available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover [any discrepancy, and must so notify the bank]

. . . .

(d) Without regard to care or lack of care of either the customer or the bank, a customer who does not, within one year from the time the statement and items are made available to the customer under (a) of this section, discover and report an unauthorized endorsement, is precluded from asserting against the bank the unauthorized signature or endorsement of the alteration.

Thus, a customer's duty to verify his statement arises *only* if (1) the bank has sent the customer a statement of account, (2) it holds the statement pursuant to the customer's request, or (3) it makes the statements "otherwise available." In this case, Vest alleged that Heston, the bank's vice-president intercepted and destroyed Vest's statements. If, on remand, the bank is able to establish that it satisfied one of the above requirements, and that Vest failed to examine his statements and notify the bank, the bank is entitled to claim the protection of AS 45.04.406. Only in that event, however, would Vest be required to resort to an estoppel theory to avoid the statutory bar. The present record fails to establish that the bank is entitled to judgment as a matter of law, despite the concessions made by Vest in the court below.

MOORE, J., not participating.

COMPTON, Justice, dissenting.

The issue addressed by this court still does not constitute "plain error." Accordingly, the opinion on rehearing serves to compound, rather than correct, the errors made in this court's initial decision.