**Lance D. LINTON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–4834.

Court of Appeals of Alaska.

Aug. 11, 1995.

Hearing Denied Oct. 27, 1995.

Dick L. Madson, Law Offices of Dick L. Madson, Fairbanks, for appellant.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION ON REHEARING*

BRYNER, Chief Judge.

In *Linton v. State,* 880 P.2d 123 (Alaska App.1994), we affirmed the first-degree murder conviction of Lance D. Linton. We held, in relevant part, that a hearsay statement made by Linton's father, John Linton, had properly been admitted at trial under Alaska Rule of Evidence 804(b)(3), the statement-

reconsideration; and (2) whether the trial court

erred in awarding Peak fees and costs.

against-penal-interest exception to the hearsay rule.[1] *Linton,* 880 P.2d at 129.

Shortly before our *Linton* opinion was published, the United States Supreme Court decided *Williamson v. United States,* — U.S. —, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). In *Williamson,* the Court interpreted the word "statement" as used in Federal Rule of Evidence 804(b)(3), the federal counterpart to Alaska's statement-against-penal-interest exception.[2] — U.S. at — – —, 114 S.Ct. at 2434–37. Linton petitioned this court for rehearing based on *Williamson.* We granted the petition, directing the parties to submit additional briefs discussing: 1) whether Alaska's exception should be interpreted consistently with *Williamson's* interpretation of F.R.E. 804(b)(3); 2) which, if any, statements of John Linton's would have been excludable under the *Williamson* interpretation; 3) whether Linton properly raised the issue of severability below; and 4) whether he adequately briefed that issue on appeal. We now address the issues upon which we granted rehearing.

In *Williamson,* the United States Supreme Court adopted a narrow definition of the word "statement," as used in F.R.E. 804(b)(3), concluding that, for purposes of the federal statement-against-penal-interest exception, a "statement" includes "only those declarations or remarks within [a] confession that are individually self-inculpatory." — U.S. at — – —, 114 S.Ct. at 2434–35. The *Williamson* Court stated that Rule 804(b)(3) "does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory. The [trial] court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession[.]" *Id.* at —, 114 S.Ct. at 2435. Rather, according to the Court, each declaration or remark in a hearsay narrative must be scrutinized to determine if it is self-inculpatory. *Id.* at —, 114 S.Ct. at 2437. The Court nevertheless emphasized that

> whether a statement is self-inculpatory or not can only be determined by viewing it in context. Even statements that are on their face neutral may actually be against the declarant's interest.... The question under Rule 804(b)(3) is always whether the statement was sufficiently against the declarant's penal interest "that a reasonable person in the declarant's position would not have made the statement unless believing it to be true," and this question can only be answered in light of all the surrounding circumstances.

*Id.* at — – —, 114 S.Ct. at 2436–37 (footnote omitted).

The out-of-court statements at issue in the present case were made by John Linton to Stephen Pieroni, who in turn reported those statements to the troopers. In our original opinion, we described the statements as follows:

> Pieroni reported having a conversation with John Linton one morning in June of 1989, about two months before John's death. According to Pieroni, he and John had been drinking and celebrating Pieroni's birthday the night before the conversation. In the morning, Pieroni noticed that John was upset: "Tears were coming down [John's] face." John said that he had something to tell Pieroni, but "it's going to be rough." John went on to say that "Lance killed Elfie and ... I helped transport the body." Pieroni responded, "what are you telling me this for? I don't want to hear this." John answered, "to get it off my chest. I've got to tell you." Pieroni told John to "just calm down and tell me anything you want."

1. Alaska Rule of Evidence 804(b)(3) creates an exception to the hearsay rule when an unavailable declarant makes

[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

2. The language of Federal Rule of Evidence 804(b)(3) is identical to that of A.R.E. 804(b)(3).

John then told Pieroni that, in the summer of 1982, Linton had come over in the evening hours and asked to borrow John's van; John asked why, and Linton told him that he needed to transport Elfriede. Linton said that he had poisoned Elfriede by placing cyanide in either her milk or tea. He needed John's help because Elfriede was a large woman. John helped Linton load Elfriede into the van. According to Pieroni, John said that, "[j]ust as they were lifting her into the van her arm flopped out of the wrapper." John also told Pieroni that Linton had buried Elfriede on their property, somewhere behind the trailer. John warned that "if Lance learned [that John told Pieroni] he would kill both of us."

*Linton,* 880 P.2d at 125.

In his supplemental brief, Linton urges us to adopt *Williamson*'s definition of "statement" for purposes of applying A.R.E. 804(b)(3). Linton maintains that only one portion of John Linton's hearsay statement could be deemed admissible as a statement against penal interest under *Williamson*'s narrow interpretation of Rule 804(b)(3). According to Linton, " 'I helped carry Elfie to the van,' is the only portion of [John's] narrative that tended to subject him to criminal liability." Linton also argues that he adequately raised this issue below and preserved it on appeal.

The state, in response, argues that *Williamson*'s definition of "statement" is artificially constrictive and should not be adopted. The state argues, alternatively, that, even under *Williamson,* virtually all of John Linton's hearsay narrative would be self-inculpatory. Finally, the state insists that the sever-ability of John Linton's narrative was not raised below or raised in a timely manner on appeal.

■ We need not decide whether *Williamson's* interpretation of F.R.E. 804(b)(3) should be adopted in applying Alaska's statement-against-penal-interest exception. In our view, the state correctly argues that Linton failed to raise' the issue below or preserve it on appeal.

Below, Linton treated John Linton's entire confession to Pieroni as a single statement and objected to the confession as a whole. He argued that the entire confession should be excluded because Pieroni was not a credible witness and because John Linton was delusional when he made the statement and had no reason to expect that Pieroni would turn him in to the police. Linton also argued that the confession was not against John Linton's penal interest, since the statute of limitations for tampering with evidence had run. At no point did Linton suggest that portions of the narrative were severable or that the various discrete statements contained therein should be analyzed separately to determine their admissibility under A.R.E. 804(b)(3). In his initial brief to this court, Linton renewed these arguments, again failing to suggest that the disputed hearsay be treated as containing multiple severable statements for purposes of the statement-against-penal-interest exception.

■ Overruling "[a] general objection to evidence as a whole ... is not reversible error if some part [of the evidence] is admissible." *Brown v. J.C. Penney Co.,* 64 Or. App. 293, 667 P.2d 1047, 1050 (1983). Furthermore, appellate courts ordinarily will not consider on rehearing an argument that was not raised in the parties' briefs on appeal. *Rosson v. Boyd,* 727 P.2d 765, 767–68 n. 6 (Alaska 1986). Linton nevertheless maintains that an exception should be made here because the issue of severability is "critical to a proper and just" resolution of his case. *See Vest v. First National Bank of Fairbanks,* 659 P.2d 1233, 1234 n. 2 (Alaska 1983). We disagree for three reasons.

First, as the state correctly points out, while the specific outcome *Williamson* reached in interpreting Federal Rule of Evidence 804(b)(3) may to a certain extent be novel, the issue of severability itself is not new and has long been recognized and discussed in the context of the statement-against-penal-interest exception. *See, e.g., Garroutte v. State,* 683 P.2d 262, 265–66 (Alaska App.1984); 2 John W. Strong, *McCormick on Evidence* § 319, at 344–45

(4th ed. 1992); 5 John H. Wigmore, *Evidence* § 1465 (Chadbourn rev. 1974).[3] Second, as Linton openly acknowledges in his brief on rehearing, his failure to raise the issue of severability below may well have been tactical, and not the result of a failure to recognize the issue due to its subtlety or novelty.

Third, and perhaps most significant, there appears to be a strong possibility that application of the *Williamson* test to Linton's case would yield no change in the result we reached in our original opinion. In arguing that *Williamson* would require exclusion of all but explicitly self-inculpatory remarks included in John Linton's hearsay confession, Linton makes the mistake of considering the various statements that comprise the narrative in isolation; he ignores *Williamson's* admonition that "whether a statement is self-inculpatory or not can only be determined by viewing it in context[,]" — U.S. at ——, 114 S.Ct. at 2436, that is, "in light of all of the surrounding circumstances." *Id.* at ——, 114 S.Ct. at 2437. In its brief on rehearing, the state argues forcefully and persuasively that each of the individual statements comprising John Linton's hearsay narrative is self-inculpatory when viewed in the context of the narrative as a whole, as required by *Williamson*. We think it highly likely that John Linton's entire narrative would be admissible under *Williamson*. For this reason, deciding whether *Williamson's* definition of "statement" should be adopted for purposes of interpreting Alaska's statement-against-penal-interest exception does not appear to us to be "critical to a proper and just decision" in this case. *Vest,* 659 P.2d at 1234 n. 2.

Having considered the parties' arguments on rehearing, we conclude that the United States Supreme Court's decision in *Williamson v. United States* provides no occasion for modifying our original opinion on appeal. Accordingly, we REAFFIRM the decision in

*Linton v. State,* 880 P.2d 123 (Alaska App. 1994).

---

3. Indeed, the potential severability of statements against penal interest is implicit in the treatment Rule 804(b)(3) prescribes for self-incriminatory statements that exculpate another person: "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."