Willie RATCLIFF, Appellant,

v.

SECURITY NATIONAL BANK, a National Banking Association, Appellee.

No. 5446.

Supreme Court of Alaska.

Oct. 7, 1983.

---

Larry D. Card and M. Ashley Dickerson, M. Ashley Dickerson, Inc., Anchorage, for appellant.

Larry L. Caudle, Dickson, Evans & Esch, Anchorage, for appellee.

\* Dimond, Senior Justice, sitting by assignment made pursuant to Article IV, section 11, of the Constitution of Alaska.

\*\* Carlson, Superior Court Judge, sitting by assignment made pursuant to Article IV, section 16, of the Constitution of Alaska.

## OPINION

## ON REHEARING

Before BURKE, C.J., RABINOWITZ, and COMPTON, JJ., DIMOND, Senior Justice,\* and CARLSON, Superior Court Judge.\*\*

BURKE, Chief Justice.

Willie Ratcliff appeals from a summary judgment in favor of Security National Bank [SNB], which resulted in the dismissal of his counterclaim against SNB. The legal issue we must resolve is whether the superior court erred when it granted SNB's motion for summary judgment.

On various dates in 1978, Ratcliff borrowed money from SNB. In exchange, he signed two promissory notes. SNB sued Ratcliff on June 7, 1979, for money owed on the two notes. Ratcliff, without the aid of an attorney, filed an answer and counterclaim on July 9, 1979. In the counterclaim, he alleged that SNB had made several promises to him regarding credit before he signed the notes. He further alleged that SNB had breached these promises as retaliation against him because he had sought to obtain local and state government contracting and employment for minorities and had also sought to enforce against financial institutions equal opportunity in lending.

Ratcliff also alleged that SNB had racially discriminated against him in credit transactions:

> Defendant brings this counterclaim ... because he believes plaintiff has discriminated against him on the basis of his race (Black) in violation of AS 18.80.250. Plaintiff has denied to defendant the terms, conditions, and privileges in the use of its financial assistance usually offered to Whites whose creditworthiness is similar to defendant's.

AS 18.80.250 declares racial discrimination in credit transactions by financial institutions to be unlawful.[1]

1. AS 18.80.250 provides in part:

   (a) It is unlawful for a financial institution or other commercial institution extending secured or unsecured credit, upon receiving an application for financial assistance or credit for the acquisition, construction, rehabilitation, repair or maintenance of a housing ac-

On March 27, 1980, SNB moved for summary judgment on the counterclaim on the grounds that: (1) the parol evidence rule barred evidence of the promises SNB allegedly had made to Ratcliff; (2) even if the parol evidence rule did not bar evidence of the promises, there was still no evidence of discrimination; and (3) a party could not bring a civil action to redress a violation of AS 18.80.250.

Only after SNB moved for summary judgment did Ratcliff retain counsel. At the hearing on the summary judgment motion held on June 6, 1980, Ratcliff's attorney did not respond to SNB's argument that AS 18.80.250 did not give rise to a private right of action. Rather, she indicated a desire to amend the counterclaim to include AS 18.80.200 [2] and AS 18.80.210, [3] two statutory sections that she argued would give rise to a private right of action for racial discrimination in credit transactions.

On June 17, Ratcliff's attorney filed a written motion to amend the counterclaim, but neglected to attach the proposed amended counterclaim. SNB opposed the motion. On June 26, she again filed a written motion to amend, this time attaching the proposed amended counterclaim. The proposed amendment asserted claims under AS 18.80.200 and AS 18.80.210, in addition to AS 18.80.250. The addition of sections 200 and 210 was the only significant change from the counterclaim initially pleaded. On the same day that Ratcliff submitted this second written motion to amend, the superior court granted summary judgment to SNB and dismissed the counterclaim with prejudice. The second motion, which was also opposed by SNB, was never ruled upon by the court.

While the trial judge never explicitly ruled on any of Ratcliff's motions to amend, it is clear that they were denied sub silentio. However, we need not reach the issue of whether the trial court abused its discretion in denying Ratcliff's motion to amend. We hold that AS 18.80.250 creates a private right of action and that material issues of fact remained to be resolved under the AS 18.80.250 cause of action contained in Ratcliff's unamended counterclaim.[4]

AS 22.10.020(c) provides in part:

---

commodation or other property or services, or the acquisition or improvement of unimproved property, or upon receiving an application for any sort of loan of money, to permit one of its officials or employees during the execution of his duties.

  (1) to discriminate against the applicant because of ... race ... in a term, condition or privilege relating to the obtainment or use of the institution's financial assistance or credit ...;

  (2) to make or cause to be made a written or oral inquiry or record of the ... race ... of a person seeking the institution's financial assistance or credit, ....

2. AS 18.80.200 reads in relevant part:

  (a) It is determined and declared as a matter of legislative finding that discrimination against an inhabitant of the state because of race [and other impermissible factors] is a matter of public concern and that such discrimination not only threatens the rights and privileges of the inhabitants of the state but also menaces the institutions of the state and threatens peace, order, health, safety and general welfare of the state and its inhabitants.

  (b) Therefore, it is the policy of the state and the purpose of this chapter to eliminate and

prevent discrimination in employment, in credit and financing practices, in places of public accommodation, in the sale, lease, or rental of real property because of race [and other impermissible factors].

3. AS 18.80.210 reads:

  The opportunity to obtain employment, credit and financing, public accommodations, housing accommodations and other property without discrimination because of sex, marital status, changes in marital status, pregnancy, parenthood, race, religion, color or national origin is a civil right.

4. Ratcliff's statement of points on appeal, while inartfully worded, is sufficiently broad to include this issue. *See A.R.C. Industries, Inc. v. State,* 551 P.2d 951, 956 n. 12 (Alaska 1976) (where court found that appellant's statement of points on appeal "impliedly, albeit inarticulately, raised ... design defect issue."); *Hootch v. Alaska State—Operated School System,* 536 P.2d 793, 808 n. 58 (Alaska 1975) (where absence of issue in points on appeal not fatal where appellee and court found to be sufficiently informed of the matters in issue by record below); *cf. Lewis v. Anchorage Asphalt Paving Co.,* 535 P.2d 1188, 1195 (Alaska 1975)

A person who is injured or aggrieved by an act, practice, or policy which is prohibited under AS 18.80 . . . may apply to the superior court for relief. The person aggrieved or injured may maintain an action on his own behalf . . . . The court may enjoin any act, practice or policy which is illegal under AS 18.80 . . . and may order any other relief, including the payment of money, that is appropriate.

Pursuant to AS 22.10.020(c), AS 18.80.250 would create a private right of action to redress racial discrimination in credit transactions if it *prohibited* such discrimination. It is clear that section 250 does precisely that. Consequently, Ratcliff may bring a private right of action against SNB under AS 18.80.250.

■ The reasoning contained in *Loomis Electronic Protection, Inc. v. Shaefer,* 549 P.2d 1341 (Alaska 1976) supports our conclusion that AS 18.80.250 gives rise to a private right of action. In *Loomis,* a prospective employee brought a civil action alleging that an employer had violated AS 18.80.220(a)(1) by refusing to hire her because of her sex. Although the precise question facing us in *Loomis* was whether the parties were entitled to a jury trial, we implicitly recognized an individual's right to bring a civil action under AS 18.80.220. There are no substantive differences between AS 18.80.220 and AS 18.80.250 which would justify permitting a private action under the former section but not the latter.[5]

We next must decide whether the trial court erred in granting summary judgment against Ratcliff on his counterclaim in light

(where court avoided overly narrow reading of points on appeal). Further, the fact that Ratcliff did not argue this issue in his briefs does *not prevent this court, in its discretion, from reaching the issue. See Whatcom County v. Kane,* 31 Wash.App. 250, 640 P.2d 1075, 1076 (1981) (where court held that contentions raised on appeal which were unsupported by relevant argument or citation of authority would be considered if well taken on their face.)

5. Ratcliff's counsel on appeal appears to accept SNB's argument that AS 18.80.250 does not give rise to a private right of action. This court, however, is not bound by the parties' stipulations as to law. *Dresser Industries, Inc.*

of our conclusion that AS 18.80.250 gives rise to a private cause of action.

■ Upon filing a motion for summary judgment, SNB had the burden of showing that the case presented no material issues of fact and that the law required judgment in its favor. To discharge this burden, SNB, as movant, had to submit admissible evidence supporting its version of the facts. *Brock v. Rogers & Babler, Inc.,* 536 P.2d 778, 782 (Alaska 1975). Until SNB had properly carried its burden, Ratcliff was not obligated to respond to the summary judgment motion with any affidavits or other evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142, 155 (1970); *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.,* 669 F.2d 1026, 1031 (5th Cir. 1982).

■ SNB, however, failed to shoulder its burden. In support of its motion, SNB submitted an affidavit by a collections officer concerning one of the promissory notes at issue in the case. SNB did not deny discriminating against Ratcliff. Rather SNB argued in its memorandum supporting its summary judgment motion, that as a matter of law, regardless of the facts asserted by Ratcliff, it was entitled to judgment, since AS 18.80.250 did not provide a private right of action. SNB's failure to controvert Ratcliff's version of the facts, released Ratcliff from the obligation to support his assertions of fact with competent evidence under Civil Rule 56(e).[6]

*v. Alaska Dept. of Labor,* 633 P.2d 998, 1004 (Alaska 1981).

6. Had SNB presented competent evidence to controvert Ratcliff's version of the facts, Ratcliff would not have survived the summary judgment motion. Ignoring the pleadings and memoranda, all Ratcliff had before the court was his affidavit and a statement of genuine issues of fact. The affidavit listed various acts allegedly committed by SNB against Ratcliff. The only information tending to show racial discrimination on the part of SNB was one sentence: "I veritably believe that the plaintiff bank has discriminated against me because of my race." This however, is not a statement admissible in evidence as required by Civil Rule

A similar situation occurred in *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1255 (5th Cir. 1979), *adopted in pertinent part on rehearing en banc,* 619 F.2d 459 (5th Cir.1980), *aff'd on other grounds,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). There, an employer was sued under Title VII and 42 U.S.C. § 1981 for racial discrimination. The employer, in support of its motion for summary judgment, failed to deny that it was discriminating against black employees. In response to the employer's assertion that the employees failed to support their allegation of racial discrimination the court stated:

> If the movant wishes to dispute the allegations of the complaint, he must do so through affidavits ... or other evidence. Unless and until the movant initially provides factual support for the summary judgment motion, the opposing party has no duty to respond to the motion or to present opposing evidence.

596 F.2d at 1255.

For purposes of deciding the summary judgment motion, the trial court should have drawn all inferences in favor of the non-moving party, and assumed that Ratcliff's allegations of racial discrimination were true. *Clabaugh v. Bottcher,* 545 P.2d 172, 175 n. 5 (Alaska 1976). The trial court's sole task was to assess whether SNB was entitled to judgment on Ratcliff's AS 18.80.250 counterclaim in light of the alleged racial discrimination. We hold that the trial court erred in granting the summary judgment. Ratcliff's counterclaim was sufficient in that it set forth a prima facie showing of entitlement for relief under AS 18.80.250.

The superior court's judgment is therefore REVERSED and the case REMANDED for further proceedings.

COMPTON, Justice, concurring.

Although I agree with the result reached by the court in this appeal, I cannot join in the court's holding that AS 18.80.250 creates a private right of action. As the court admits, this issue was not raised in Ratcliff's points on appeal.[1] Nor was it argued in the court below or in his briefs on appeal. Indeed, counsel for Ratcliff expressly removed this issue from the court's consideration.[2]

The court correctly notes that in past cases we have reached issues that were inarticulately raised in the points on appeal. 670 P.2d 1139, 1141–42 n. 4 (Alaska 1983). These cases, however, are inapplicable to this case because the erring parties had at least given the court and opposing party notice of the inarticulately raised issue by discussing it in their briefs or at oral argument. When the issue has been completely overlooked by counsel, or conceded as in this case, we will reach the issue only if the error "affect[s] substantive rights and [is] 'obviously prejudicial.'" *Burford v. State,* 515 P.2d 382, 383 (Alaska 1973).

I do not believe that the plain error doctrine applies because Ratcliff's concession is not prejudicial to his case. The sole issue raised on appeal is whether the superior court abused its discretion in denying sub silentio Ratcliff's motion to amend the counterclaim to include AS 18.80.200 and AS 18.80.210. In my opinion, it was error to deny the motion because AS 18.80.210 creates a private right of action.

Alaska Civil Rule 15(a) states that "leave [to amend] shall be freely given when jus-

56(e), as it is in opinion form, with no indication of first hand knowledge. Nor did Ratcliff allege any specific facts demonstrating discrimination as required by the rule.

1. Ratcliff stated in his points on appeal:
   1. The Court erred in dismissing his counter-claim.
   a. The Court erred specifically in failing to recognize the right of the individual to proceed under A.S.22.10.020(c), A.S.18.80.-200, A.S.18.80.210.
   b. The Court denied the Defendant the equal protection of State and Federal law.

2. Ratcliff's brief states that "[SNB] *admittedly properly challenged* the right to rely on AS 18.80.250 dealing with unlawful financing practices as giving the right to bring the action only to the Office of the Attorney General." (Emphasis added.)

tice so requires." We have declared that leave shall be liberally granted in order "to facilitate a proper decision on the merits of the controversy." *Van Horn Lodge, Inc. v. Ahearn,* 596 P.2d 1159, 1162 (Alaska 1979) (quoting *Merrill v. Faltin,* 430 P.2d 913, 915 (Alaska 1967)). In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court set forth the following factors to be used in determining whether leave to amend should be granted under Federal Rule of Civil Procedure 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226, *quoted in Wright v. Vickaryous,* 598 P.2d 490, 495 (Alaska 1979).

Under the "futility of amendment" factor listed in *Foman,* the superior court would not have abused its discretion in denying Ratcliff leave to amend if the amendment failed to state an actionable claim. Because the only significant change made by the amendment is the addition of AS 18.80.200 and AS 18.80.210, resolution of this issue depends on whether either section gives rise to a private right of action to redress racial discrimination in credit transactions.

AS 22.10.020(c) reads in part:

> The superior court is the court of original jurisdiction over all causes of action arising under the provisions of AS 18.80 . . . . A person who is injured or aggrieved by an act, practice, or policy which is *prohib-*

*ited* under AS 18.80 . . . may apply to the superior court for relief. . . . The court may enjoin any act, practice or policy which is illegal under AS 18.80 . . . and may order any other relief, including the payment of money, that is appropriate. (Emphasis added).

Pursuant to AS 22.10.020(c), AS 18.80.200 or AS 18.80.210 would create a private right of action to redress racial discrimination in credit transactions if the section prohibits such discrimination. Section 200 appears to be a statement of purpose, averring that (a) discrimination on the basis of race, sex and other impermissible factors menaces the public welfare; and that (b) it is the policy of the State to prevent this discrimination. Section 210, however, declares that "the opportunity to obtain employment, credit and financing, public accommodations, housing accommodations and other property without discrimination because of . . . race . . . is a civil right." A statute that gives a person a right prohibits by implication other persons from denying him that right. *Cf. Sullivan v. Little Hunting Park,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) (similar implication drawn for federal civil right statute). By its plain language, section 210 gives a person a right to engage in credit transactions without discrimination because of race. Thus, section 210 prohibits racial discrimination in credit transactions and, in conjunction with AS 22.10.020(c), gives rise to a private right of action to redress such discrimination.

The court ignores the issue raised and argued by Ratcliff because it apparently believes that a private cause of action can only be created by AS 18.80.250. In my view, a violation of one's right to obtain financing without discrimination can be alleged under AS 18.80.210; AS 18.80.250 merely defines the perimeters of that right.[3] Ratcliff's proposed addition of AS

---

[3]. Under the court's reasoning, AS 18.80.220 (unlawful employment practices), AS 18.80.230 (unlawful practices in places of public accommodation), AS 18.80.240 (unlawful practices in

the sale of real property), and AS 18.80.250 (unlawful *financing practices*) each create a cause of action. I believe that these sections do not create causes of action, but rather del-

18.80.210 to his complaint would not have been futile, and thus it was error for the superior court to deny Ratcliff leave to amend. Accordingly, the "implied" invocation of the plain error doctrine by the court is unnecessary. More important, the absence of

> an explanation of the rationale for considering an issue not argued at trial or raised on appeal, may ... have the unfortunate effect of misleading practitioners into believing that this court will in the future consider issues that were not argued before the superior court or raised on appeal.

*Vest v. First National Bank of Fairbanks,* 659 P.2d 1233, 1236 (Alaska 1983) (Compton, J., dissenting). For this reason, I concur in the result but not the reasoning of the court's opinion.

imit the scope of the cause of action created by