**Derrick DIGGS, Appellant,**

v.

**Vera DIGGS, Appellee.**

**No. 7206.**

Supreme Court of Alaska.

May 20, 1983.

Helen L. Simpson, Anchorage, for appellant.

M. Ashley Dickerson, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

OPINION

PER CURIAM.

This appeal arises out of a pending divorce proceeding in which the superior court ordered Derrick Diggs to make monthly payments of $403 on a mortgage and $400 for the support of his wife and child pendente lite. Diggs failed to make these payments and thereafter was ordered to show cause why he should not be found in contempt. After a jury trial, which was prosecuted by Vera Diggs' attorney, the jury found that "Mr. Diggs has wilfully failed to comply with the orders of the court for the support of his child and spouse." The superior court ordered Derrick Diggs to serve ninety days and suspended forty-five days for six months on the condition that he make the support payments on a regular basis.[1] Diggs appealed his sentence to the court of appeals, where an order subsequently was entered transferring the appeal to this court because the court of appeals concluded that the contempt proceeding was civil in nature.

In *Johansen v. State,* 491 P.2d 759, 766 & n. 27 (Alaska 1971), we said in part:

> The purpose of contempt proceedings for nonpayment of child support decrees is to coerce the defendant to pay money. It is not to punish him for his past failure to pay.
>
> . . . .
>
> Of course, the prosecuting authority can always seek conviction for violation of AS 11.35.010, or initiate proceedings for criminal contempt under AS 09.50.-010(5) for past wilful flouting of the

court's authority, but either of these occurrences would initiate a criminal proceeding in which defendant would have to be afforded full criminal procedural safeguards. This distinction should be made clear at the outset of the contempt nonsupport proceedings.[2]

■■■ There appears to be some confusion among the bench and bar regarding the nature of contempt proceedings in nonpayment of support cases. We therefore take this opportunity to delineate the alternatives which are available in such cases. Generally, failure to pay support should be considered a civil contempt. However, in cases involving "past wilful flouting of the court's authority," *Johansen,* 491 P.2d at 766 n. 27, a criminal contempt sanction may be imposed.[3] In such cases, the court must announce at the outset that it will likely impose a criminal sanction if the defendant is found guilty of contempt, and provide attendant criminal procedural safeguards. If the court does not make such an announcement, a jury trial is still required, *id.* at 762, but criminal safeguards are unnecessary. Under this procedure the court cannot impose a fixed jail term; any sanction which is imposed as a result of the civil contempt proceeding must afford a continuous opportunity to the defendant to purge the contempt.[4] Finally, in civil contempt cases, the procedures and burden of proof detailed in *Johansen, id.* at 766–67, are to be followed.

■■■ In the instant case we hold that the superior court's order requiring Diggs to

1. Diggs has already served 45 days less good time.

2. We have reiterated in cases following *Johansen* that the primary distinction between civil and criminal contempt inheres in their differing functions. The principal purpose of civil contempt is to coerce future conduct, whereas criminal contempt is primarily punitive. *State v. Oliver,* 636 P.2d 1156, 1159 (Alaska 1981); *L.A.M. v. State,* 547 P.2d 827, 831–32 (Alaska 1976); *Gwynn v. Gwynn,* 530 P.2d 1311, 1312 (Alaska 1975).

3. The sanction for criminal contempt is set forth in AS 09.50.020, which provides in part:

*Penalty.* A person who is guilty of contempt is punishable by fine of not more than $300 or by imprisonment for not more than six months . . . .

4. AS 09.50.050 provides:

*Imprisonment to compel performance of an act.* When the contempt consists of the omission or refusal to perform an act which is yet in the power of the defendant to perform, he may be imprisoned until he has performed it.

See *Johansen,* 491 P.2d at 764.

serve ninety days with forty-five days suspended on certain conditions must be vacated since it was not entered in conformity with *Johansen.* Here Diggs was incarcerated for a fixed period under AS 09.50.020.[5] In *Johansen* we recognized that criminal contempt proceedings are authorized by the contempt statute "for past wilful flouting of the court's authority . . . ." 491 P.2d at 766 n. 27. As was noted previously, however, where such a charge is prosecuted the court must announce at the outset of the proceeding that it intends to impose a criminal sanction if the defendant is found guilty of contempt and thereafter the defendant is entitled to all of the procedural safeguards attendant a criminal proceeding.[6] Review of the record indicates that no announcement was made at the outset of the proceedings that the superior court intended to impose a criminal sanction in the event the defendant was found guilty of contempt. The record also shows that the *Johansen* preponderance of the evidence burdens of proof were used by the superior court in its instructions to the jury rather than the criminal standard of beyond a reasonable doubt.[7]

█ The superior court's judgment is REVERSED.[8]

CONNOR, J., not participating.

5. *See supra* note 3.

6. *Johansen,* 491 P.2d at 764 n. 22, 766 n. 27.

7. In *Continental Ins. Cos. v. Bayless & Roberts, Inc.,* 548 P.2d 398, 407 (Alaska 1976), we stated that "[w]hen a criminal contempt is involved, all elements of the offense . . . must be proven beyond a reasonable doubt." (Footnote omitted.)

8. Diggs has completed the 45-day jail sentence less credit for good time. Nevertheless, in our view the problems presented in this appeal are capable of repetition and of evading review. Thus, despite the fact that the jail sentence imposed has been served we decided the issue should be addressed. *Johansen,* 491 P.2d at 762.

In addition, it is our understanding of the superior court's order that Diggs may still be required to serve the suspended portion of his

COMPTON, Justice, dissenting.

I dissent from the court's treatment of this appeal. The court's opinion reverses the superior court on the ground that the court failed to follow the procedural safeguards outlined in *Johansen v. State,* 491 P.2d 759 (Alaska 1971). This issue, however, was not raised by either party at the superior court level or on appeal.

In a footnote, the court remarks that the "memoranda of respective counsel submitted in this appeal were of little assistance to the court." 663 P.2d at 952 n. 8.[1] Given that the only issue raised on appeal is that the sentence is excessive, this remark is a charitable understatement. Because the memoranda filed by the parties' counsel simply do not raise any issue upon which this court could grant relief, I believe the proper disposition of this appeal is through a summary affirmance of the superior court judgment under Appellate Rule 214(a).

The court's opinion justifies deciding an issue not raised by invoking the "plain error" rule. In a civil proceeding, "Plain error exists where an obvious mistake has been made which creates a high likelihood that injustice has resulted." *Miller v. Sears,* 636 P.2d 1183, 1189 (Alaska 1981). Regardless of whether this test or the plain error test applied in criminal proceedings is

ninety-day sentence if he is found to be in noncompliance with the support order. *See supra* text accompanying note 1.

We deem it appropriate to note that the memoranda of respective counsel submitted in this appeal were of little assistance to the court. However, because this was a criminal proceeding, the "plain error" rule is applicable. Under this doctrine, if an error affects substantial rights and is obviously prejudicial, it may be noticed although not brought to the attention of the court. *Gilbert v. State,* 598 P.2d 87, 92 (Alaska 1979); *Burford v. State,* 515 P.2d 382, 383 (Alaska 1973); Crim.R. 47(b).

1. Derrick and Vera Diggs filed "memoranda" rather than "briefs" because the relief sought by Derrick from the superior court's order was a sentence appeal, which he filed with the court of appeals. In accordance with Appellate Rule 215(h), the appellant and appellee are required to file memoranda, rather than briefs.

applicable in this case,[2] I believe that the superior court did not commit any plain error.

It is unclear whether the sanction imposed was criminal or civil in nature. In her memorandum, Vera Diggs describes the following scenario:

> After the sentencing and prior to the hour at which defendant had been ordered to report for the commencement of service of his sentence, his attorney contacted Judge Carlson to find out if there were any conditions under which the sentencing could be suspended. The Judge asked if it were possible for him to get any funds together. His attorney replied that he had only $600.00. The Judge then stated "get that $600.00 to the attorney for Mrs. Diggs and I will suspend the sentence." Mr. Diggs refused to surrender the $600.00 and his attorney admitted in open court that he held onto the $600.00 to use for the appeal . . . .

Derrick Diggs does not deny that he chose to go to jail rather than pay Vera $600.00. Although the sentence was for a fixed term and therefore appears to be punitive, it can also be seen as coercive in that Derrick could have avoided going to jail and presumably would have been released from jail whenever he chose to pay the $600.00. Viewed from the latter perspective, the *Johansen* safeguards are unnecessary. Accordingly, although the superior court should have made clear which sanction it was imposing, I do not believe that its error created a high risk of injustice or was obviously prejudicial. Therefore, I would affirm.

---

**2.** The court's opinion characterizes Digg's contempt proceeding as "civil in nature," 663 P.2d at 951, and as a "criminal proceeding," 663 P.2d at 952 n. 8.