**Ralph A. ROLLINS, Appellant,**

v.

**STATE of Alaska, ex rel. MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. A–1928.**

Court of Appeals of Alaska.

Jan. 13, 1988.

Nancy J. Nolan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Mike Marsh, Asst. Mun. Atty., and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellee.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for the State of Alaska, as amicus curiae.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Ralph A. Rollins was tried by a jury in the district court for thirty-seven counts of criminal contempt of court, in violation of AS 09.50.010(5). The jury convicted Rollins of seventeen counts and acquitted him of twenty. Rollins appeals, contending that the Municipality of Anchorage was improperly allowed to prosecute the contempt charges and that the district court lacked subject matter jurisdiction in the case. He also argues that the jury's verdicts were inconsistent and that the trial court erred in refusing to instruct the jury on the definition of the word "intentionally." We affirm.

In 1983, Rollins became involved in a dispute with the Municipality of Anchorage and another private party over a parcel of land on which Rollins operated an auto salvaging business. The superior court eventually enjoined Rollins from storing junk on the disputed parcel. After repeated unsuccessful efforts to obtain compliance with its injunction, the superior court directed the municipality to file criminal contempt charges against Rollins. Once the charges were filed, the superior court referred them to the district court for trial.

Prior to trial, Rollins moved to dismiss, arguing that the municipality had no authority to prosecute him for criminal contempt. Rollins asserted that only the state is authorized to press criminal contempt charges. Alternatively, Rollins contended that, as an interested party in the underlying civil litigation, the municipality was barred by conflict of interest from conducting the prosecution. Rollins also challenged the district court's authority to hear the charges. He contended that, because the alleged contempt involved an order of the superior court, only that court had jurisdiction to hear the case. District Court

Judge Glen C. Anderson denied Rollins' dismissal motion. Rollins renews his arguments on appeal.

■ Rollins' first claim—that all criminal contempt charges must be prosecuted by the state—is readily answered. Under the United States Supreme Court's recent holding in *Young v. United States ex rel. Vuitton et Fils S.A.*, —— U.S. ——, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987), it is apparent that the superior court had inherent authority to appoint the municipality to initiate and prosecute criminal contempt charges against Rollins. In *Young*, the Supreme Court squarely rejected a claim that the Department of Justice was required to prosecute all criminal contempt charges in federal courts. The Court in *Young* held that trial courts possess inherent authority to appoint private counsel to prosecute criminal contempt charges. The Court found such authority to be necessary to assure an effective means of enforcing judicial orders. *Id.* 107 S.Ct. at 2131–32.

In keeping with *Young*, Alaska Civil Rule 90(b) expressly provides that an action for contempt "may be commenced and prosecuted ... either by the state, or by the aggrieved party whose right or remedy in an action has been defeated or prejudiced ... by the act constituting a contempt."

We are aware of no provision of Alaska law purporting to restrict prosecutorial authority in criminal contempt cases. Rollins points out that contempt powers of Alaska courts are enumerated in Chapter 50 of Title 9 of the Alaska Statutes; the heading of Chapter 50 is, "Actions Where State A Party." From this, Rollins infers that the state must prosecute all cases of contempt.

Statutory headings, however, are not part of the law. AS 01.05.006; *Ketchikan Retail Liquor Dealers Association v. State*, 602 P.2d 434, 437–38 (Alaska 1979), *modified*, 615 P.2d 1391 (Alaska 1980). Moreover, to say that the state is a party is not to say that the Department of Law must represent the state's interests. The judicial branch of government, like the executive branch, is an integral part of the state. The fundamental objective of criminal contempt proceedings is to vindicate the court's authority, and the prosecution's function is to represent the interests of the court as an institution of government. In this respect, "the state" is as much "a party," and its interests are as much involved, when contempt proceedings are prosecuted by a private attorney as when they are prosecuted by the Department of Law. *See Young, supra,* 107 S.Ct. at 2136.

Rollins relies on AS 44.23.020(b)(3), which vests in the attorney general the power to "prosecute all cases involving violations of state law ..." But the attorney general's authority under this provision is not exclusive. Rather, the statute requires the attorney general to prosecute violations of state law only "where there is no other provision for their prosecution[.]" As we have already indicated, authority for private prosecution of criminal contempt charges resides in the express language of Civil Rule 90(b); such authority independently derives from the court's inherent power to enforce its orders.

Rollins nevertheless argues that the superior court's order directing the municipality to prosecute for contempt in his case violated the constitutional separation of powers doctrine. *See Public Defender Agency v. Superior Court*, 534 P.2d 947 (Alaska 1975). The argument is flawed in several respects.

First, the superior court's directive was issued to the Municipality of Anchorage, and not to a co-equal branch of state government. Moreover, assuming the court's order inappropriately required the municipality to exercise its executive powers, the municipality was free to raise an objection. It elected not to do so. Rollins' standing to assert the independence of the executive branch of the municipality's government is, under the circumstances, questionable.

The most significant flaw in Rollins' separation of powers argument, however, stems from the nature of the municipality's involvement in the present case. The superior court did not select the municipality to prosecute this case based merely on a generalized determination that it was an appro-

priate government agency to prosecute contempt charges. Rather, the court appointed the municipality, under the terms of Civil Rule 90(b), in light of its status as an aggrieved party in the underlying civil litigation. The municipality's status as a party in the underlying civil case subjected it to the same treatment that the court could lawfully and appropriately have given any other involved litigant.

■ A separate, more troublesome issue is Rollins' claim that the municipality's status as an interested party in the underlying civil case gave rise to a conflict of interest that should have precluded its participation in the contempt prosecution. The United States Supreme Court's decision in *Young* provides direct support for Rollins' claim.

The court in *Young*—though finding that courts have inherent authority to appoint private counsel to prosecute criminal contempt cases—recognized that conflicting interests would generally bar appointment of a private party participating in the underlying civil case. While *Young* casts grave doubt on the wisdom of routinely appointing interested private parties to prosecute criminal contempt cases, and while it provides strong support for Rollins' challenge in the present case, we believe that the circumstances of Rollins' case are ultimately distinguishable from those in *Young*.

Initially, the decision in *Young* was based on an exercise of the Supreme Court's supervisory powers, and not on constitutional grounds. It should be noted that, unlike Alaska Civil Rule 90(b), the federal rules considered in *Young* did not expressly authorize appointment of an interested private party for purposes of prosecuting criminal contempt cases.

A more crucial distinction is that the underlying civil litigation in *Young* involved an individual manufacturer's efforts to vindicate its private economic interests. In contrast, the present case—both the contempt prosecution and the underlying civil case—involved a municipal government's attempt to enforce its public regulations. As a duly constituted governmental body, the municipality was already authorized by law to enforce its laws by engaging in the

public prosecution of persons who violate a wide array of municipal ordinances. The municipality's attorneys are subject to the same ethical norms as those that apply to other public prosecutors. *Compare Young*, 107 S.Ct. at 2135–36.

In the underlying civil litigation, the municipality did not seek private economic gain. The nature and scope of its participation in both the civil and criminal cases were circumscribed by the public trust that inheres in its role as a governmental body. At the core of its actions in both the civil and criminal cases lay the municipality's basic duty to serve the public interest.

To this extent, then, the danger of conflict arising from the court's appointment of the municipality was significantly lower than the danger typically engendered by the appointment of a private party who seeks economic gain or other personal advantage in the underlying case. Indeed, the danger of conflict in the present case was no greater than that which normally arises when an individual's actions simultaneously provide the government—be it the state or the municipality—with grounds for both criminal charges and civil complaint. Accordingly, we hold that the municipality was not foreclosed from prosecuting the charge by the potential conflict inherent in its role as a party to the underlying civil case.

■ Rollins next challenges the district court's jurisdiction to preside over the criminal contempt charges. In *Webber v. Webber*, 706 P.2d 329, 330 (Alaska App.1985), we held that, for purposes of exercising peremptory challenges under Alaska Criminal Rule 25(d), a criminal contempt charge amounted to a continuation of the civil case from which it arose. Criminal Rule 25, however, is a procedural rule, *see Main v. State*, 668 P.2d 868 (Alaska App.1983), and while *Webber* recognized that treatment of a criminal contempt case as a continuation of the underlying civil litigation may be desirable and appropriate for some purposes as a procedural matter, it did not hold such treatment to be compelled for all purposes as a jurisdictional matter.

In the present case, the criminal charges against Rollins were referred to the district court for trial by the superior court. The charges were punishable by a maximum of six months in jail. AS 09.50.020. They were, accordingly, plainly misdemeanors. *See* AS 11.81.900(b)(31); Criminal Rule 56(e); *State v. Browder,* 486 P.2d 925, 937 (Alaska 1971). Under AS 22.15.060(a)(1), the district court has been granted jurisdiction over all misdemeanors, "unless otherwise provided...." The district court's jurisdiction in misdemeanor cases is concurrent with that of the superior court. AS 22.15.060(b). No provision has been called to our attention restricting the district court's jurisdiction over criminal contempt cases arising from superior court proceedings, and we are aware of no such restriction.

We do not mean to encourage routine referral to the district court of criminal contempt charges arising in superior court civil cases. Indeed, we recognize that there may be strong procedural arguments against such referrals. Nevertheless, Rollins' sole claim is a jurisdictional one. We find no basis for concluding that the district court lacked subject matter jurisdiction over the charges upon their referral from the superior court. While, in procedural terms, the charges may have been ancillary to and a continuation of the underlying civil case, they were nevertheless sufficiently distinct in character to fall within the ambit of the district court's misdemeanor jurisdiction.[1]

The conviction is AFFIRMED.

---

**1.** The two additional issues raised by Rollins may be disposed of summarily. Rollins argues that the jury's verdicts were inconsistent. He did not object to the entry of the verdicts on grounds of inconsistency, however, and we find no plain error. *Roberts v. State,* 680 P.2d 503 (Alaska App.1984). Rollins also argues that the trial court erred in declining to instruct the jury on the definition of "intentionally" set out in AS 11.81.900(a)(1). That definition, however, would effectively have required the jury to find that Rollins acted with specific intent. The trial court correctly instructed the jury that the applicable mental state for criminal contempt is willfulness. *See Johansen v. State,* 491 P.2d 759, 767 (Alaska 1971). Willfulness is established by proof of conscious action and does not require a showing of specific intent. *Hentzner v. State,* 613 P.2d 821, 826 (Alaska 1980); *L.A.M. v. State,* 547 P.2d 827 (Alaska 1976). Accordingly, the trial court did not err in declining to instruct on the statutory definition of intentional conduct.