**Marshall MOSS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3839.**

Court of Appeals of Alaska.

July 24, 1992.

---

V. Fate Putman, Asst. Public Defender, Kenai, and John B. Salemi, Public Defender, Anchorage, for appellant.

Mary A. Gilson, Asst. Atty. Gen., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Marshall Moss was convicted following a jury trial of four counts of criminal contempt of court. AS 09.50.010(5); AS 09.50.-020. On appeal, he contends the court erred in declining to dismiss his case for violation of his right to speedy trial under Alaska Rule of Criminal Procedure 45. He also asserts a violation of his right against self-incrimination and contends he should have been tried by a twelve-person jury in superior court. We affirm.

On February 23, 1990, the attorney general's office filed a motion for order to show cause why Moss should not be held in civil contempt for his failure to pay child support. *See* Alaska Rule of Civil Procedure 90(b).[1]

At a hearing on the matter on June 15, 1990, the state explained that on May 21, 1986, the court had ordered Moss to pay child support payments of $375 per month, as well as $1,875 in arrears. The state advised the court that it had obtained some of the money from Moss by garnishing his wages, but that Moss had made no voluntary payments. According to the state, Moss was now $17,072 in arrears.

The court asked Moss whether he disputed the state's allegations and Moss, who was not represented by counsel, responded in the negative. Master for the Superior Court, Lynn H. Christensen, then advised Moss that the burden was on him to show why he should not be held in contempt and "perhaps face incarceration for being in contempt." Moss responded that he was "just not making the money." Moss was then sworn in; when asked to give his

---

1. Alaska Rule of Civil Procedure 90(b) reads:

 (b) **Other Contempts—Proceedings—Parties.** For every contempt other than that specified in subdivision (a) of this rule, upon a proper showing on ex parte motion supported by affidavits, the court shall either order the accused party to show cause at some reasonable time, to be therein specified, why he should not be punished for the alleged

 contempt, or shall issue a bench warrant for the arrest of such party. Such proceeding may be commenced and prosecuted in the same action or in an independent proceeding either by the state, or by the aggrieved party whose right or remedy in an action has been defeated or prejudiced or who has suffered a loss or injury by the act constituting a contempt.

occupation, he indicated that he was unemployed. Moss did not testify further. Instead, the court advised him that, because he faced possible incarceration, he was entitled to an attorney and a jury trial. Moss responded that he could not afford an attorney, whereupon the court explained how he could apply for court-appointed counsel. The court then adjourned the hearing after scheduling the matter for trial.

On August 14, 1990, Superior Court Judge Charles K. Cranston issued the following order:

> This court after a hearing before the Honorable Lynn H. Christensen, Master for the Superior Court, held on June [15], 1990, has determined that criminal contempt proceedings are in order. The court hereby appoints Assistant Attorney General, Joseph Cooper, as special prosecutor.
>
> The Assistant Attorney General shall prepare and file a charging document in this court....

On September 10, 1990, the state filed an information charging Moss with seven counts of criminal contempt, AS 09.50.-010(5); AS 09.50.020, and one count of criminal nonsupport, AS 11.51.120(a). The state also filed a motion for order to show cause, requesting the court to order Moss to appear and answer the criminal charges.

At a hearing on November 2, 1990, Moss, now represented by counsel, pled not guilty to the charges and requested a jury trial. The parties also discussed Rule 45 at the hearing. The state asserted that Rule 45 began running in October 1990—when Moss was served with the criminal information—but Moss' attorney claimed Rule 45 began running in March 1990—when Moss was served with the motion for order to show cause in the civil case.

At a status conference on December 7, 1990, Moss moved for dismissal based on Rule 45.

On December 12, 1990, Master Christensen issued a master's report and order, finding that Rule 45 began to run on October 26, 1990—the date the criminal information was served upon Moss. The court also ruled that the matter would be tried in district court because the offenses alleged in the information were misdemeanors. Judge Cranston approved Master Christensen's order on December 13, 1990.

Moss was convicted following a six-person jury trial on December 20 and 21, 1990.

On appeal, Moss contends the court erred in ruling that Rule 45 did not begin to run until the criminal information was served on him. Moss claims that, because the conduct giving rise to the criminal contempt proceeding was identical to the conduct alleged in the civil contempt proceeding, Rule 45 should have begun to run when he was served with the civil contempt charges. In Moss' view, the civil contempt proceeding was tantamount to an arraignment on the criminal charges. *See* Alaska Rule of Criminal Procedure 45(c)(1) (120-day calculation begins running when defendant is initially arraigned).

 We reject Moss' argument. Civil and criminal contempt proceedings are distinct and independent proceedings. The principal purpose of civil contempt is to compel compliance; the proceeding is remedial in nature in that it seeks to coerce the defendant to comply with court orders, in this case, to pay money in the future. The purpose of criminal contempt, on the other hand, is primarily to punish an individual for past noncompliance. Frequently, courts treat the failure to pay child support as a civil contempt. However, the court may punish the past willful failure to pay child support by criminal contempt. *Diggs v. Diggs,* 663 P.2d 950, 951 (Alaska 1983); *Johansen v. State,* 491 P.2d 759, 763–66 (Alaska 1971).

 In the instant case, the state instituted a civil action "to coerce the defendant into paying his child support payments"; the state's motion indicated that it might request that Moss be incarcerated until he met his financial obligation. The criminal information that was subsequently filed, however, addressed Moss' "willful" disobedience of the court's order in September, October, November, and December of 1986 and February, March, and May of 1988. Unlike the civil action, the criminal action

was intended to punish Moss for his past willful noncompliance. Because of these differences in the nature of the two proceedings, the court did not err in ruling that Rule 45 began to run on the date the criminal information was served. Moss' appearance at the civil contempt proceeding resulted from a valid court order issued in connection with a separate civil matter for which there is no right to a speedy trial under Rule 45. *See also G.D. v. State*, 681 P.2d 366 (Alaska App.1984) (where defendant was summoned to child in need of aid hearing and admitted he sexually assaulted his daughter, Rule 45 did not begin to run until criminal information was served).[2]

 Moss next contends the state should have been precluded from filing criminal contempt charges because he was compelled to give self-incriminating testimony concerning his financial situation in the civil case and this information was then used to form the basis of the criminal allegations. Relying on *Diggs*, Moss further contends his conviction must be reversed because at no time in the civil case did the court or the state advise him that criminal sanctions were possible.

Moss did not raise this issue in the court below, has not listed it in his points on appeal, and has not cited any authority which would suggest that he was compelled to give statements in violation of his right against self-incrimination or that he was prejudiced in any way by the admission of these statements. We conclude that Moss has not adequately preserved this issue for appeal.

 Moss' final contention on appeal is that, because the case originated in a superior court divorce case, he should have been tried in superior court by a twelve-person jury.

The superior court referred the criminal contempt charges to the district court for trial. The offenses, punishable by a maximum of six months in jail, were plainly misdemeanors. *See* AS 09.50.020; AS 11.-81.900(b)(32); Criminal Rule 56(e); *State v. Browder*, 486 P.2d 925, 937 (Alaska 1971). Under AS 22.15.060(a)(1)(A), the district court has jurisdiction over all misdemeanors "unless otherwise provided." The district court's jurisdiction in misdemeanor cases is concurrent with that of the superior court. AS 22.15.060(b). Moss has cited no authority that purports to restrict the district court's jurisdiction over criminal contempt cases arising from superior court proceedings, and we are aware of no such restriction. *See Rollins v. Anchorage*, 748 P.2d 767, 771 (Alaska App.1988).

In addition, AS 22.15.150 provides that the jury in district court shall consist of "a body of six persons in number." Accordingly, Moss was not entitled to a twelve-person jury in superior court.

The conviction is AFFIRMED.

---

2. Moss' argument on appeal concerning Rule 45 is predicated on his initial premise that the 120-day speedy trial period began running when he was served with the motion for order to show cause in the civil case. Our determination that the speedy trial period did not begin to run on that date is therefore dispositive of his claim.